UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OBSIDIAN FINANCE GROUP, LLC; KEVIN D. PADRICK,<br><br>       Plaintiffs-Appellees,<br><br>  v.<br><br>CRYSTAL COX,<br><br>       Defendant-Appellant. | No. 12-35238<br>D.C. No. 3:11-cv-00057-HZ<br>District of Oregon, Portland<br><br>**OBSIDIAN FINANCE GROUP, LLC AND KEVIN D. PADRICK'S UNOPPOSED MOTION TO STAY MANDATE** |
| OBSIDIAN FINANCE GROUP, LLC; KEVIN D. PADRICK,<br><br>       Plaintiffs-Appellants,<br><br>  v.<br><br>CRYSTAL COX,<br><br>       Defendant-Appellee. | No. 12-35319<br><br>D.C. No. 3:11-cv-00057-HZ<br>District of Oregon, Portland |

Pursuant to Rule 41(d) of the Federal Rules of Appellate Procedure and Circuit Rule 41-1, Obsidian Finance Group, LLC ("Obsidian") and Kevin D. Padrick ("Padrick") hereby move to stay the mandate pending the filing of a petition for a writ of certiorari in the United States Supreme Court. This motion is unopposed.

1

The reasons for staying the mandate are as follows:

1. On March 5, 2014, this Court denied the parties' petitions for rehearing or rehearing en banc, triggering the 90-day period to file a petition for a writ of certiorari.

2. Rule 41(d)(2) authorizes the Court to stay the issuance of its mandate pending the filing of a petition for a writ of certiorari in the Supreme Court if the petition "would present a substantial question" and "there is good cause for a stay." Conversely, if "the petition for certiorari would be frivolous or filed merely for delay," the stay should be denied under Circuit Rule 41-1.

3. Petitions for writ of certiorari are due on June 3, 2014. This is an unusual case in that it presents several "substantial questions" that are genuinely suited for Supreme Court review, including but not limited to (1) whether the "negligence" standard for defamation actions against media defendants adopted in *Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974) should be extended to non-media defendants, as the panel held in this case as a matter of first impression in the Ninth Circuit; (2) whether Ninth Circuit law regarding the type of statements actionable in defamation conforms to the standard adopted by the Supreme Court in *Milkovich v. Lorain Journal Co.*, 497 U.S. 1 (1990); and (3) whether individual circuits are permitted to adopt or apply common law exceptions to FRCP 51's preservation requirements for alleged instructional errors, particularly in light of the 2003 amendments to FRCP 51 that expressly provide for plain error review if the stated preservation requirements are not met. Obsidian and Padrick are

currently evaluating each of these issues for potential inclusion in a petition for certiorari.

  4. There is good cause for a stay. If the issuance of the mandate is not stayed, the case will be remanded immediately to the district court for a new trial under the *Gertz* "negligence" standard. In that event, the parties may incur the expense of another trial (instructing the jury under the *Gertz* standard) even though the Supreme Court may later conclude that such standard does not apply, or that there was no plain error, in which case the second trial was wholly unnecessary. Moreover, if the Supreme Court grants review on the second issue listed above, yet a *third* trial may be necessary regarding the numerous statements held by the panel to be non-actionable in the Ninth Circuit, if the Supreme Court concludes they are in fact actionable under *Milkovich*. Under the circumstances, there is good cause to delay issuing the mandate and not return the matter to the trial court for a new trial until such time as the appellate process is complete, including resolution of Obsidian and Padrick's petition for Supreme Court review. At that time, it will be determined whether a new trial is in fact necessary and, if so, what issues it will include.

  5. This motion is unopposed. Crystal Cox does not object to the Court staying the issuance of its mandate.

  6. For all of the foregoing reasons, Obsidian and Padrick request that the Court stay issuance of its mandate pursuant to Rule 41(d) and Circuit

Rule 41-1, pending the filing of a petition for a writ of certiorari in the United States Supreme Court.

DATED this 11th day of March, 2014.

TONKON TORP LLP

By *s/Robyn Ridler Aoyagi*
   Robyn Ridler Aoyagi
   David S. Aman
   Steven M. Wilker

1600 Pioneer Tower
888 S.W. Fifth Avenue
Portland, OR  97204
Aoyagi Direct Dial:  (503) 802-2158
Aoyagi Facsimile:  (503) 972-3858
Aoyagi E-Mail:  robyn.aoyagi@tonkon.com

Attorneys for Obsidian Finance Group, LLC and Kevin D. Padrick

4

# CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2014, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

DATED this 11th day of March, 2014.

TONKON TORP LLP

By *s/Robyn Ridler Aoyagi*
Robyn Ridler Aoyagi
David S. Aman
Steven M. Wilker

Attorneys for Obsidian Finance Group, LLC and Kevin D. Padrick

033992/00010/5362865v2